

SAN DIEGO • SAN FRANCISCO
NEW YORK • BOCA RATON
WASHINGTON, DC • ATLANTA
LOS ANGELES • PHILADELPHIA

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/09

Robert M. Rothman
RRothman@csgrr.com

June 9, 2009

<u>VIA HAND DELIVERY</u>

Honorable William H. Pauley, III
United States District Judge
United States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007



    Re:   *Plumbers & Steamfitters Local 773 Pension fund v. Canadian Imperial Bank of Commerce, et al.* 08-cv-08143-WHP

Dear Judge Pauley:

    We are writing on behalf of Lead Plaintiff Plumbers & Steamfitters Local 773 Pension Fund ("Plaintiff") in the above-referenced action. Pursuant to paragraph 3(A)(i) of your Honor's Individual Practices, Plaintiff respectfully requests a pre-motion conference to request leave to move to strike defendants' numerous improper references in their motion to dismiss to extraneous materials not referenced in Plaintiff's complaint ("Complaint").

    Specifically, in support of their motion to dismiss, Defendants impermissibly seek to rely on various exhibits and internet articles that are not referenced in, appended to, or incorporated by reference in the Complaint. For example, the Declaration of Jay B. Kasner filed in support of Defendants' motion to dismiss attaches analyst reports, news articles and other documents at Exhibits B, C, D, F, K, L, and O not referenced anywhere in the Complaint. Additionally, throughout their memorandum of law, Defendants cite various articles from the internet, again not referenced in the Complaint, but upon which Defendants' rely in support of dismissal. See Def. MTD. at 1, 2, 3, 10, 11, 15, 16, 29, 33, and 34.[1]

---

[1]    Defendants have not filed a motion for judicial notice of these Exhibits and website articles but instead included a footnote regarding judicial notice in their motion to dismiss briefing. See Def. MTD. at 7 n.4. Accordingly, Plaintiffs seek leave to bring a motion to strike, having no opportunity to oppose a separate motion for judicial notice. However, to the extent that the Court denies the request to file a motion to strike, Plaintiffs respectfully request that the Court exercise its inherent evidentiary or procedural authority to reach a just result – for example, refusing to take judicial notice pursuant to Fed. R. Evid. 201, finding the

58 South Service Road, Suite 200 • Melville, NY 11747 • 631.367.7100 • Fax 631.367.1173 • www.csgrr.com



Honorable William H. Pauley, III
June 9, 2009
Page 2

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court may only look to the allegations on the face of the complaint, documents attached to or incorporated by reference in the complaint, and a document "upon which the complaint *solely* relies and which is *integral to the complaint.*" *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (emphasis in original, internal citations omitted). In addition, "[c]onsideration of [] documents filed with the SEC is appropriate with respect to a nondisclosure or misrepresentation claim because 'no serious question as to their authenticity can exist,' and because the court is to consider them on a 12(b)(6) motion 'only to determine what the documents stated,' and 'not to prove the truth of their contents.'" *Id.* (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)).

Here, the Complaint does not refer to, cite, quote or rely upon any of the above-referenced exhibits or internet articles. Additionally, neither the exhibits nor the internet articles were attached to or incorporated by reference in the Complaint. Accordingly, these exhibits and articles should be stricken. *See In re OPUS360 Corp. Sec. Litig.*, No. 01 Civ. 2938 (JGK) (JCF), 2002 WL 31190157, at *1 (S.D.N.Y. Oct. 2, 2002) (granting plaintiffs' motion to strike exhibits as the "documents, including various articles related to the companies involved in this action and securities trading generally, are not integral to the plaintiffs' claims, relied on by them, or attached to or incorporated by reference in the [] Complaint, and consequently should not be considered by this Court on a 12(b)(6) motion"); *see also JIH Real Estate Inc. v. Abramson*, 901 F. Supp. 952, 955 (E.D. Pa. 1995) (rejecting 32 documents – press releases, analyst reports, teleconference transcripts, and articles – because they "were not referred to or relied upon by the plaintiff in the complaint and [were] not public records").

Accordingly, Plaintiff respectfully requests a pre-motion conference to request leave to move to strike Defendants' improper references to materials not referenced in the Complaint.

Application granted, in part.

SO ORDERED:

/s/ William H. Pauley III
WILLIAM H. PAULEY III U.S.D.J.
6/19/09

Respectfully submitted,

/s/ Rob M. Rothman Jr
Robert M. Rothman

Plaintiff shall serve and file its motion to strike, which shall not exceed 10 pages, by June 29, 2009. Defendants shall serve and file their opposition, which shall not exceed 10 pages, by July 31, 2009. Plaintiff shall serve and file any reply by August 14, 2009, not to exceed 5 pages. The Court will hear oral argument along with the motion to dismiss on September 16, 2009 at 3:00 p.m.

cc: Jay B. Kasner, Esq. (via fax)
Lawrence J. Zweifach, Esq. (via fax)
Christopher J. Keller, Esq. (via fax)

exhibits irrelevant to the pending motion and inadmissible pursuant to Fed. R. Evid. 402. Whatever approach the Court takes, justice requires that the challenged Exhibits and website articles be rejected.